**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| TENESHA SIMS,<br><br>Plaintiff,<br><br>v.<br><br>CROWN EQUIPMENT CORPORATION, and JOHN DOES 1-3,<br><br>Defendants. | ) | CIVIL ACTION FILE NO. 1:14-cv-00732-SCJ |

**ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF OF CROWN EQUIPMENT CORPORATION**

COMES NOW Crown Equipment Corporation ("Crown"), and within the time allowed by law, serves and files this its Answer and Affirmative Defenses to Plaintiff's Complaint and shows the Court as follows:

**FOR A FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted with the result that Plaintiff is not entitled to recover in this cause.

**FOR A SECOND DEFENSE**

There may be a lack of joinder of one or more parties who should or must be joined, and, without the joinder of these proper parties, complete relief cannot be accorded among those already attempted to be made parties to this civil action.

**FOR A THIRD DEFENSE**

Crown reserves the right to amend its answer, if same becomes appropriate, after full investigation and discovery.

**FOR A FOURTH DEFENSE**

Crown further reserves the right to assert such other defenses as may become appropriate based on information it acquires through discovery or otherwise in the course of this litigation.

**FOR A FIFTH DEFENSE**

Crown was not guilty of any negligence in connection with the transactions and occurrences that form the subject matter of Plaintiff's Complaint with the result that Plaintiff is not entitled to recover in this cause.

**FOR A SIXTH DEFENSE**

Crown was not guilty of any actionable negligence in connection with the transactions and occurrences that form the subject matter of Plaintiff's Complaint with the result that Plaintiff is not entitled to recover in this cause.

**FOR A SEVENTH DEFENSE**

Crown is not liable in the premises because no tortious act or omission on its part proximately caused or proximately contributed to cause the damages alleged by Plaintiff.

**FOR AN EIGHTH DEFENSE**

If Crown were negligent or otherwise found to be at fault -- and Crown denies that it was negligent or at fault in any particular -- nevertheless, the negligence and/or fault of Plaintiff Tenesha Sims was equal to or greater than any alleged negligence and/or fault on the part of Crown with the result that Plaintiff is not entitled to recover in this cause.

**FOR A NINTH DEFENSE**

If Crown were negligent or otherwise found to be at fault -- and Crown denies that it was negligent or at fault in any particular -- nevertheless, Plaintiff's recovery for her alleged injuries is barred, in whole or in part, or subject to reduction, under the doctrine of contributory and/or comparative negligence or fault.

**FOR A TENTH DEFENSE**

In the further alternative, and only in the event it is determined that Plaintiff is entitled to recover against Crown, recovery should be reduced in proportion to the degree or percentage of fault or negligence attributable to Plaintiff Tenesha Sims or non-parties to this lawsuit including any party who might be immune to litigation.

**FOR AN ELEVENTH DEFENSE**

The negligence and fault of Plaintiff Tenesha Sims constitutes the sole, intervening, and superseding cause of Plaintiff’s alleged injury and damage with the result that Plaintiff is not entitled to recover in this cause against Crown.

**FOR A TWELFTH DEFENSE**

The alleged damage of Plaintiff was caused by unforeseeable, independent, intervening, and/or superseding events for which Crown is not legally responsible.

**FOR A THIRTEENTH DEFENSE**

Plaintiff Tenesha Sims failed to exercise ordinary care for her own safety and protection and such failure was the sole proximate cause of her injury and damage, if any, with the result that Plaintiff is not entitled to recover in this cause.

**FOR A FOURTEENTH DEFENSE**

The sole proximate cause of Plaintiff's damages, if any, was a combination of the negligence and/or fault of Plaintiff Tenesha Sims and the negligence and/or fault of a person or persons, firm or firms, corporation or corporations for whose acts or omissions Crown was and is in no way liable with the result that Plaintiff is not entitled to recover in this cause against Crown.

**FOR A FIFTEENTH DEFENSE**

The sole proximate cause of the damages to Plaintiff was the negligence and/or fault of a person or persons, firm or firms, corporation or corporations for whose acts or omissions Crown was and is in no way liable with the result that Plaintiff is not entitled to recover in this cause against Crown.

**FOR A SIXTEENTH DEFENSE**

Plaintiff Tenesha Sims assumed the risk of injury in this matter by exposing herself to an open and obvious danger with the result that Plaintiff is not entitled to recover in this cause against Crown.

**FOR AN SEVENTEENTH DEFENSE**

If Crown were negligent -- and Crown denies that it was negligent in any particular -- nevertheless Plaintiff Tenesha Sims in the exercise of ordinary care could have avoided the consequences to herself of any alleged negligence and/or fault on the part of Crown with the result that Plaintiff is not entitled to recover in this cause against Crown.

**FOR A EIGHTEENTH DEFENSE**

The subject forklift in question was neither negligently repaired, maintained, nor negligently kept in safe working order as alleged in Plaintiff's Complaint with the result that Crown has no liability in the premises.

**FOR A NINETEENTH DEFENSE**

If there were any other act or omission which would otherwise render Crown liable to Plaintiff -- and Crown denies that any such act or omission occurred -- nevertheless, the alleged conduct of Crown was insulated by the subsequent acts or omissions of another or others with the result that Crown has no liability in the premises.

**FOR A TWENTIETH DEFENSE**

Crown shows that it has not been guilty of any negligence, fault, or willful, reckless, wanton, or intentional conduct whatsoever with the result Crown has no liability to Plaintiff and Plaintiff's Complaint should be dismissed.

**FOR A TWENTY-FIRST DEFENSE**

Were Plaintiff to recover from Crown -- which she should not -- Crown is entitled to contribution, setoff, and/or indemnification, either in whole or in part, from all persons or entities whose fault proximately caused or contributed to cause Plaintiff's alleged injuries.

**FOR A TWENTY-SECOND DEFENSE**

Crown has not been stubbornly litigious, acted in bad faith, or caused Plaintiff to incur unnecessary trouble and expense with the result that Plaintiff is

not entitled to recover costs attorney's fees, costs, and expenses as alleged in Plaintiff's Complaint.

**FOR A TWENTY-THIRD DEFENSE**

Plaintiff's Complaint fails to state a claim for punitive damages.

**FOR A TWENTY-FOURTH DEFENSE**

Plaintiff's Complaint for punitive damages is barred, in whole or in part, by the provisions of O.C.G.A. § 51-12-5.1.

**FOR A TWENTY-FIFTH DEFENSE**

No alleged act or omission of Crown constituted willful misconduct, malice, fraud, wantonness, oppression, or any alleged entire want of care which would raise the presumption of conscious indifference to the consequences so as to entitle Plaintiff to punitive damages in accordance with O.C.G.A. § 51-12-5.1.

**FOR A TWENTY-SIXTH DEFENSE**

With respect to Plaintiff's claim to recover punitive damages, Crown specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of, *e.g., BMW of No. America v. Gore,* 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.* 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and *Exxon Shipping Co. v.*

*Baker*, No. 07-219, 2008 U.S. LEXIS 5263 (U.S. June 25, 2008) and their progeny as well as other similar cases under both federal and state law.

**FOR A TWENTY-SEVENTH DEFENSE**

Plaintiff's claim for punitive damages is not supported by the evidence or law, and on account thereof, Plaintiff is not entitled to recover punitive damages from Crown.

**FOR A TWENTY-EIGHTH DEFENSE**

Plaintiff's claim for punitive damages violates Crown's rights to procedural due process under the 14th Amendment of the United States Constitution and the Constitution of the State of Georgia and, therefore, fails to state a cause of action or set forth a claim upon which punitive damages can be awarded.

**FOR A TWENTY-NINTH DEFENSE**

Plaintiff's claim for punitive damages violates Crown's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph VXII of the Constitution of the State of Georgia and violates Crown's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia and, therefore, fails to state a cause of action or set forth a claim supporting Plaintiff's punitive damages claim.

**FOR A THIRTIETH DEFENSE**

Plaintiff's claim for punitive damages is barred by the provisions of Article 6 of the Constitution of the United States.

**FOR A THIRTY-FIRST DEFENSE**

Plaintiff's claim for punitive damages against Crown cannot be maintained, because an award of punitive damages under current Georgia law would be void for vagueness, both facially, and as applied.

**FOR A THIRTY-SECOND DEFENSE**

With respect to Plaintiff's claim to recover punitive damages, that claim is in contravention of rights of Crown under the following provisions of the United States Constitution and analogous provisions of the Georgia Constitution:

Plaintiff's claims for punitive or exemplary damages violate, and are therefore barred by, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States on grounds including the following:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is

less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Crown, which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g) The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(h) The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law; and

(i) The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

**FOR A THIRTY-THIRD DEFENSE AND BY WAY OF FURTHER ANSWER TO THE INDIVIDUALLY NUMBERED PARAGRAPHS OF PLAINTIFF'S COMPLAINT**

1.

Crown is without sufficient knowledge, information or belief either to admit or to deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Crown denies that it is a domestic corporation existing under the laws of the State of Georgia with its principal place of business at 3060 Premiere Parkway, Duluth, Georgia 30097 as alleged in the first sentence of Paragraph 2 of Plaintiff's Complaint. To the contrary Crown avers that it is an Ohio corporation with its principal place of business in Ohio, and Crown further avers that it is duly authorized to transact business in Georgia with its registered agent being CT Corporation, 1201 Peachtree Street, Atlanta, Georgia 30361. Crown admits that it is subject to the jurisdiction of this Court and that venue properly lies in the Northern District of Georgia. With respect to the underlying State Court action, Crown denies that venue properly lies in Clayton County but to the contrary avers that venue properly lies in Fulton County, said averments presently being unnecessary to this action now lying in this Court. To the extent the jurisdictional, venue, and service allegations of Paragraph 2 of Plaintiff's Complaint purport to cast liability either directly or indirectly upon Crown, said allegations of Paragraph 2 are denied.

3.

Crown is without sufficient knowledge, information or belief either to admit or to deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Crown is without sufficient knowledge, information or belief either to admit or to deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Crown is without sufficient knowledge, information or belief either to admit or to deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Crown is without sufficient knowledge, information or belief either to admit or to deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Crown denies the allegations of Paragraph 7 of Plaintiff’s Complaint.

8.

Crown is without sufficient knowledge, information or belief either to admit or to deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Crown denies the allegations of Paragraph 9 of Plaintiff’s Complaint.

10.

Crown denies the allegations of Paragraph 10 of Plaintiff's Complaint.

11.

Crown denies the allegations of Paragraph 11 of Plaintiff's Complaint.

**COUNT I: NEGLIGENCE**

12.

Crown readopts and realleges as though set out herein verbatim its answers and responses to Paragraphs 1-11 of Plaintiff's Complaint.

13.

Crown is without sufficient knowledge, information or belief either to admit or to deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Paragraph 14 of Plaintiff's Complaint states a legal conclusion and, therefore, does not require a response. Notwithstanding the foregoing, to the extent Paragraph 14 misstates Georgia law, or fails to incorporate all aspects of Georgia law on the subject, said Paragraph 14 is denied

15.

Crown denies the allegations of Paragraph 15 of Plaintiff's Complaint.

16.

Crown denies the allegations of Paragraph 16 of Plaintiff's Complaint.

17.

Crown denies the allegations of Paragraph 17 of Plaintiff's Complaint.

18.

Crown denies the allegations of Paragraph 18 of Plaintiff's Complaint, and all subparagraphs thereof.

19.

Crown denies the allegations of Paragraph 19 of Plaintiff's Complaint.

20.

Crown denies the allegations of Paragraph 20 of Plaintiff's Complaint.

21.

Crown denies the allegations of Paragraph 21 of Plaintiff's Complaint.

Crown denies the WHEREFORE paragraph, following Paragraph 21 of the Plaintiff's Complaint.

**COUNT II: VICARIOUS LIABILITY**

22.

Crown readopts and realleges as though set out herein verbatim its answers and responses to Paragraphs 1-21 of Plaintiff’s Complaint.

23.

Crown denies the allegations of Paragraph 23 of Plaintiff's Complaint.

24.

Crown denies the allegations of Paragraph 24 of Plaintiff's Complaint.

Crown denies the WHEREFORE paragraph following Paragraph 24 of the Plaintiff's Complaint.

**COUNT III: NEGLIGENT HIRING, RETENTION, TRAINING, & SUPERVISION**

25.

Crown readopts and realleges as though set out herein verbatim its answers and responses to Paragraphs 1-24 of Plaintiff’s Complaint.

26.

Crown denies the allegations of Paragraph 26 of Plaintiff's Complaint.

27.

Crown denies the allegations of Paragraph 27 of Plaintiff's Complaint.

28.

Crown denies the allegations of Paragraph 28 of Plaintiff's Complaint.

Crown denies the WHEREFORE paragraph following Paragraph 28 of the Plaintiff's Complaint.

**COUNT IV: NEGLIGENCE PER SE**

29.

Crown readopts and realleges as though set out herein verbatim its answers and responses to Paragraphs 1-28 of Plaintiff's Complaint.

30.

Paragraph 30 of Plaintiff's Complaint states a legal conclusion and, therefore, does not require a response. Notwithstanding the foregoing, to the extent Paragraph 30 misstates Georgia law, or fails to incorporate all aspects of Georgia law on the subject, said Paragraph 30 is denied

31.

Crown denies the allegations of Paragraph 31 of Plaintiff's Complaint.

32.

Crown denies the allegations of Paragraph 32 of Plaintiff's Complaint.

33.

Crown denies the allegations of Paragraph 33 of Plaintiff's Complaint, and all subparagraphs thereof.

34.

Crown denies the allegations of Paragraph 34 of Plaintiff's Complaint.

35.

Crown denies the allegations of Paragraph 35 of Plaintiff's Complaint.

36.

Crown denies the allegations of Paragraph 36 of Plaintiff's Complaint.

Crown denies that Plaintiff is entitled to the relief sought against it in the last unnumbered WHEREFORE paragraph of her Complaint and all subparagraphs thereof, and Crown further denies that Plaintiff is entitled to recover from Crown any damages or relief whatever.

Crown denies any and all counts, paragraphs, or subparagraphs not referred to herein specifically by number.

WHEREFORE, having answered Plaintiff's Complaint fully, Crown prays that it be discharged hence with its reasonable costs of court.

Respectfully submitted this 14th day of March, 2014.

/s/ Richard K. Hines, V
Richard K. Hines, V
Georgia Bar No. 356300
richard.hines@nelsonmullins.com
Sanjay Ghosh
Georgia Bar No. 141611
sanjay.ghosh@nelsonmullins.com
Attorney for Crown Equipment Corporation
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street, NW / Suite 1700
Atlanta, GA 30363

(404) 322-6000 (phone)
(404)322-6050 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF CROWN EQUIPMENT CORPORATION** was filed with the Clerk of the Court and served in accordance with the Court's Rules on Electronic Service upon the following parties and participants:

T. Andrew Miller
The Law Offices of T. Andrew Miller, LLC
4780 Ashford Dunwoody Road
Suite A-115
Atlanta, Georgia 30338
andy@millerlegal.com

This 14th day of March, 2014.

/s/ Richard K. Hines, V
Georgia Bar No. 356300